# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY B. MOORE, | 1:07-CV-01816 LJO SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS AND ORDER DIRECTING CLERK OF COURT TO SEND PETITION BLANK § 1983 COMPLAINT FORM |
| v. | |
| LYDIA C. HENSE, | |
| | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on December 13, 2007. Petitioner contends that he has been denied access to the court and the law library is inadequate.

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,

1  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the
2  Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. §
3  1983 is the proper method for a prisoner to challenge the conditions of that confinement.
4  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at
5  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

6       In this case, as Petitioner concedes "[t]he petition is about prison conditions, not
7  'conviction.'" (Petition, at 1.)  Because Petitioner is not challenging the fact or duration of his
8  conviction, Petitioner is not entitled to habeas corpus relief, and the petition must be dismissed.
9  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights
10 complaint pursuant to 42 U.S.C. § 1983.

11                         RECOMMENDATION

12      Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
13 DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
14 corpus relief.
15      This Findings and Recommendation is submitted to the assigned United States District
16 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
17 the Local Rules of Practice for the United States District Court, Eastern District of California.
18 Within thirty (30) days after being served with a copy, any party may file written objections with
19 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
20 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
21 and filed within ten (10) court days (plus three days if served by mail) after service of the
22 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
23 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
24 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
25 Cir. 1991).
26 ///////////////////
27 //////////////
28 /////////

ORDER

The Clerk of Court is DIRECTED to SEND Petitioner a blank civil rights complaint form for prisoners seeking relief 42 U.S.C. § 1983.

IT IS SO ORDERED.

**Dated:    December 18, 2007**             /s/ **Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE