# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY B. MOORE,<br><br>           Petitioner,<br><br>     v.<br><br>LYDIA C. HENSE,<br><br>           Respondent.<br>_____ / | 1:07-CV-01816 LJO SMS (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND CERTIFICATE OF APPEALABILITY<br><br>[Docs. 17, 18] |

Petitioner is a state prisoner and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on December 13, 2007.  On May 7, 2008, the Court dismissed the petition because Petitioner did not challenge the duration or legality of his confinement or sentence under § 2254.  (Court Docs. 5, 14.)  The court noted that Petitioner's claim were more appropriately raised by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.  The Court's dismissal was without prejudice, to re-filing an appropriate action.

On June 6, 2008, Petitioner filed a motion to vacate the judgment, which this Court construes as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  (Court Doc. 17.)  Then on June 24, 2008, Petitioner filed a notice of appeal, along with a request for a certificate of appealability.  (Court Doc. 18.)

    A.    <u>Motion for Reconsideration</u>

Rule 60(b) allows reconsideration if one of the following grounds is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).

Petitioner has failed to satisfy the requirements discussed above under Rule 60(b).  As

1  stated in the Court's prior order, Petitioner's claims in his petition concerned the conditions of
2  his confinement and did not challenge the duration or legality of his confinement or sentence
3  under § 2254.  The Court advised Petitioner that he could raise his claims by way of filing a civil
4  rights action pursuant to 42 U.S.C. § 1983.  Petitioner contends that this Court should have
5  transferred the action to the state court, however, Petitioner provides no authority for such
6  proposition.  In fact, such action is unnecessary.  Petitioner is capable of filing a proper action in
7  this Court or in state court, and this Court is not required to transfer such action upon Petitioner's
8  request.  Accordingly, Petitioner's motion for reconsideration is DENIED.

   B.   Certificate of Appealability

Petitioner has filed a notice of appeal and request for a certificate of appealability.  When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to obtain a certificate of appealability: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While both showings must be made to obtain a certificate of appealability, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  Slack, 529 U.S. at 485.

The Court finds that Petitioner has failed to make an adequate showing.  The Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed for failure to state a cognizable claim under § 2254.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DENIES Petitioner's motion for certificate of appealability.

IT IS SO ORDERED.

**Dated:   June 26, 2008**               /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE